IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned July 15, 2014

# IN RE GABRIEL V.

**Appeal from Juvenile Court for Davidson County**
**No. 20124159     Sophia Brown Crawford, Judge**

_____

**No. M2014-01298-COA-T10B-CV - Filed July 31, 2014**

_____

Father in this juvenile court custody dispute has filed a Tenn. Sup. Ct. R. 10B petition for recusal appeal seeking an interlocutory appeal as of right from the trial court's denial of his motion for recusal. Having reviewed the petition for recusal appeal *de novo* as required by Rule 10B, §2.06, we summarily affirm the trial court's denial of the motion for recusal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P. J., M. S., and W. NEAL MCBRAYER, J. joined.

Luke A. Evans, Murfreesboro, Tennessee, for the appellant, Carvin Vaughn.

Janelle Simmons, Nashville, Tennessee, for the appellee, Alina Victoria Kendrick.

**OPINION**

FACTS AND PROCEDURAL HISTORY

This appeal arises out of a Petition to Establish Custody, Child Support and Visitation filed by Father in the Juvenile Court for Davidson County. On July 17, 2013, the juvenile court magistrate entered an order awarding the parties joint custody and equal parenting time until the child begins school. Mother promptly retained new counsel and filed a motion for a rehearing before the juvenile court judge. The case was heard over three days in January and April of 2014, and the trial court entered a final judgment on May 21, 2014, awarding Mother significantly more parenting time than Father.

On June 3, 2014, Father filed a motion for recusal and for a new trial. Father asserted that, while the case was pending, the trial judge was engaged in an election campaign to retain her position as juvenile court judge and that Mother's counsel was a public supporter of the trial judge.[1] On July 2, 2014, the trial court entered an order denying the motion for recusal and setting forth the grounds for its decision as required by Tenn. S. Ct. R. 10B §1.03. Father then timely filed this petition for recusal appeal pursuant to Tenn. S. Ct. R. 10B §2.02 on July 10, 2014.

## TENN. SUP. CT. R. 10B

Appeals from orders denying motions to recuse are governed by Tenn. S. Ct. R. 10B. Pursuant to Tenn. S. Ct. R. 10B, §2.01, parties are entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court. Tenn. S. Ct. R. 10B, §2.02. If this court, based on the petition and supporting documents, determines that no answer is needed, we may act summarily on the appeal. Tenn. S. Ct. R. 10B, §2.05. In addition, Tenn. S. Ct. R. 10B, §2.06 grants this court the discretion to decide the appeal without oral argument.

Having reviewed Father's petition and supporting documents, we have determined that an answer and additional briefing are unnecessary, and have elected to act summarily on the appeal in accordance with Tenn. S. Ct. R. 10B, §2.05. We also find oral argument unnecessary pursuant to Tenn. S. Ct. R. 10B, §2.06.

The only issue this court may consider in an appeal under Tenn. S. Ct. R. 10B is whether the trial court erred in denying the motion for recusal. We cannot review the correctness of the trial court's other decisions regarding the merits of the case. We review the trial court's denial of the motion for recusal under a *de novo* standard of review. Tenn. S. Ct. R. 10B, §2.06.

## ANALYSIS

Litigants, as the courts have often said, are entitled to the cold neutrality of an impartial court. *Kinard v. Kinard*, 986 S.W.2d 220, 227 (Tenn. Ct. App.1998). Thus, one of the core tenets of our jurisprudence is that litigants have a right to have their cases heard by fair and impartial judges. *Id.* at 228. Indeed, it goes without saying that a trial before a biased or prejudiced fact finder is a

---

[1] The trial judge was being challenged in the primary race by the same magistrate who had presided over this case previously. The magistrate ultimately prevailed in the primary.

denial of due process. *Wilson v. Wilson*, 987 S.W.2d 555, 562 (Tenn. Ct. App.1998). Accordingly, judges must conduct themselves at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary and shall not be swayed by partisan interests, public clamor, or fear of criticism. Tenn. Sup. Ct. R. 10, Cannon 2(A), 3(B)(2).

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001).

The relevant portions of the Rules of Judicial Conduct provide:

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(4) The judge knows or learns by means of a timely motion that a party, a party's lawyer, or the law firm of a party's lawyer has made contributions or given such support to the judge's campaign that the judge's impartiality might reasonably be questioned.

Tenn. S. Ct. R. 10, RJC 2.11.

However, Comment 7 to Rule 2.11 clarifies that a lawyer's contribution to or support of a judge's campaign, absent other facts, does not require recusal.

The fact that a lawyer in a proceeding, or a litigant, contributed to the judge's campaign, or supported the judge in his or her election does not of itself disqualify the judge. Absent other facts, campaign contributions within the limits of the "Campaign Contributions Limits Act of 1995," Tennessee Code Annotated Title 2, Chapter 10, Part 3, or similar law should not result in disqualification. However, campaign contributions or support a judicial candidate receives may give rise to disqualification if the judge's impartiality might reasonably be questioned. In determining whether a judge's impartiality might reasonably be questioned for this reason, a judge should consider the following factors among others:

(1) The level of support or contributions given, directly or indirectly, by a litigant in relation both to aggregate support (direct and indirect) for the individual judge's campaign and to the total amount spent by all candidates for that judgeship;

3

(2) If the support is monetary, whether any distinction between direct contributions or independent expenditures bears on the disqualification question;

(3) The timing of the support or contributions in relation to the case for which disqualification is sought; and

(4) If the supporter or contributor is not a litigant, the relationship, if any, between the supporter or contributor and (i) any of the litigants, (ii) the issue before the court, (iii) the judicial candidate or opponent, and (iv) the total support received by the judicial candidate or opponent and the total support received by all candidates for that judgeship.

Tenn. S. Ct. R. 10, RJC 2.11 Comment 7.

Thus the fact that an attorney has contributed to a judge's campaign, has endorsed a judge's candidacy, or has been listed on a judge's campaign committee will not require automatic disqualification of the judge. However, recusal may be required if an attorney is more actively involved in the judge's campaign or serves in a leadership role. *Collier v. Griffith*, App. No. 01-A-01-9109-CV-00339, 1992 WL 44893 at *6 (Tenn. Ct. App. Mar. 11, 1992).

In this case, Father asserts Mother's counsel contributed $200 to the judge's campaign and $250 to another campaign that then contributed to the judge's campaign. These donations must be considered relative to the roughly $80,000 in total donations received by the judge's campaign. Viewed in light of the total donations received, counsel's donations were modest and do not mandate recusal.

Father also asserts Mother's counsel was listed in the judge's campaign literature as a "friend" of the judge and as a host of some campaign events. Again, counsel's support must be viewed in light of the total support received by the judge. Counsel's name is listed in the literature along with the names of numerous other attorneys. Over 150 other attorneys were listed as supporting the trial judge in some literature. Father has not shown that counsel was active in the campaign or held a leadership role. Indeed, the trial judge specifically found that counsel did not hold any position or leadership role in the campaign and did not participate in any campaign meetings, financial meetings or volunteer events. Counsel's involvement was thus limited to being named as a supporter in campaign literature along with numerous other attorneys. Such limited support is sanctioned by Tenn. S. Ct. R. 10, RJC 2.11 Comment 7 and does not require recusal. *Collier v. Griffith*,, 1992 WL 44893 at *6.

4

**CONCLUSION**

Having carefully reviewed Father's petition *de novo*, we conclude that counsel's contributions and support for the judge's campaign do not rise to the level that "the judge's impartiality might reasonably be questioned." We thus find no grounds to require recusal under the Rules of Judicial Conduct. The trial court's order denying the motion for recusal is affirmed. The case is remanded to the trial court for further proceedings consistent with this opinion.

_____
RICHARD H. DINKINS, JUDGE

5